SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| FARAH ESPANOLA**,**<br><br>        Plaintiff,<br><br>    v.<br><br>Experian Information Solutions, Inc.; First National Credit Card, Inc. and DOES 1 through 100 inclusive**,**<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of Fair Credit Reporting Act;<br>2. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff FARAH ESPANOLA, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1.  This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt.

**JURISDICTION & VENUE**

2.  Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 13 bankruptcy protection on February 18, 2013 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 13 plan of financial reorganization was confirmed on December 17, 2013, binding creditors to the terms of the plan under 11 U.S.C. §1327.

6.   Under the terms of Plaintiff's confirmed Chapter 13 plan, general unsecured non-priority creditors were to be paid pro tanto.

7.   On March 21, 2016 Plaintiff ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors.

8.   Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

9.   Defendant First National Credit Card, Inc. was reporting Plaintiff's account, beginning in 4106xxxx, as past due.  This account was settled for less than the full balance.  Defendant is reporting that the account was past due in July of 2016, well after the account was settled and closed.

10.  In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff specifically identified in the Plaintiff's dispute letter that Plaintiff was taking issue with the past due balance, outstanding balance, late payments, charged off remarks, and/or collection remarks that were being reported and indicated that all creditors receiving a dispute needed to investigate how to properly report the debt.

11.  Plaintiff sent the disputes via certified mail to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

12.  Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

13.   Defendant First National Credit Card, Inc. failed to conduct a reasonable investigation and continued to report falsely to Experian Information Solutions, Inc. misleading and inaccurate account information as identified above in Paragraph 9.

14.   Alternatively, Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

15.   On July 29, 2016 Plaintiff ordered a second three bureau report from Experian Information Solutions, Inc. to ensure the accounts that were in dispute were being property reported.

16.   In response to Plaintiff's dispute Defendant failed to conduct a reasonable investigation or any investigation at all, and did so intentionally and with reckless disregard, as Plaintiff's dispute went unchanged and Defendant continued to report Plaintiff's account with a past due balance, outstanding balance, late payments, charged off remark, and/or collection remark.

17.   The actions of the Defendant as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

18.   The actions of the Defendant as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc. - Failure to Reinvestigate Disputed Information.**

19.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

20.   After Plaintiff disputed the accounts mentioned above, Defendant Experian Information

Solutions, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendant was required to send all relevant information to the furnishers which they did not do.  Defendant failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**First National Credit Card, Inc. – Reporting Inaccurate Information to Defendant Experian Information Solutions, Inc. and Failure to Reinvestigate.**

21. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

22. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

23. Defendant First National Credit Card, Inc. violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts.  Defendants Experian Information Solutions, Inc. provided notice to the Defendant that Plaintiff was disputing the inaccurate and misleading information but Defendant failed to conduct a reasonable investigation of the information as required by the FCRA.

24. Specifically, Defendant First National Credit Card, Inc. (Account # 4106xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting that the account was past due. This account was settled for less than the full balance.  Defendant is reporting that the account was past due in July of 2016, well after the account was settled and closed.

25. Defendant re-reported to the bureaus the misleading and inaccurate information as seen in Plaintiff's reinvestigation reports and/or credit report that was pulled after the disputes were sent.

26. The acts of the Defendant as described above were done willfully and intentionally with reckless disregard for its duties under the FCRA.

27. As a direct and proximate result of Defendant's willful and intentional inaccurate

reporting, Plaintiff has suffered actual damages including but not limited to an inability to properly reorganize, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, cost of pulling credit reports, and such further expenses in an amount to be determined and proven at trial.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**First National Credit Card, Inc. – Reporting Inaccurate Information to Defendant Experian Information Solutions, Inc.**

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29. Defendant First National Credit Card, Inc. intentionally and knowingly reported misleading and inaccurate account information to Experian Information Solutions, Inc.

30. Plaintiff alleges that Defendant re-reported misleading and inaccurate account information, as stated in paragraphs 9 and 24 to Experian Information Solutions, Inc. in violation of California Civil Code § 1785.25(a).

31. Plaintiff also alleges that Defendant had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

32. Plaintiff alleges that the disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendant of their misleading and inaccurate reporting.

33. Defendant failed to notify Experian Information Solutions, Inc. that the information Defendant re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

34. Defendant's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

35. As a direct and proximate result of Defendant's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize, reviewing credit reports from all three consumer reporting agencies, time reviewing

reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

36.  Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    e.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

    f.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.


Dated: August 12, 2016    By:    **SAGARIA LAW, P.C.**

    */s/ Elliot Gale, Esq.*
    Scott Sagaria, Esq.
    Elliot Gale, Esq.
    Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.


Dated: August 12, 2016    By:    **SAGARIA LAW, P.C.**

    */s/ Elliot Gale, Esq.*
    Scott Sagaria, Esq.
    Elliot Gale, Esq.
    Attorneys for Plaintiff